UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

        Petitioner,                                  Case Number 16-13823
v.                                                     Honorable David M. Lawson

J.A. TERRIS,

        Respondent.
_____/

## ORDER TRANSFERRING PETITION TO
## THE WESTERN DISTRICT OF MICHIGAN

On October 26, 2016, petitioner Benjamin Foreman initiated this case with his filing styled as a petition for a writ of habeas corpus under the authority of 28 U.S.C. § 2241 and 28 U.S.C. § 2255(e). However, before the present petition was filed, Foreman filed numerous other petitions challenging his federal conviction and sentence, under the authority of various statutes, both in this district and in the Western District of Michigan. Because at least one of those previous petitions also invoked section 2255, and the Court construed the present filing as a second or successive petition, and it transferred the case to the Sixth Circuit, since the petitioner had not sought the required leave from the court of appeals to file a second or successive petition. *See Foreman v. United States*, No. 08-1115 (W.D. Mich. July 19, 2010); *Foreman v. United States*, No. 10-2415 (6th Cir. June 3, 2011). On September 7, 2017, the court of appeals remanded the case to this Court, because it concluded that, "[i]rrespective of the merits of Foreman's underlying claim, the district court should not have transferred his § 2241 petition to this court as a second or successive § 2255 motion, and that, because "Foreman's petition invoked [*Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016)] and the savings clause of § 2255(e) . . . the district court had jurisdiction to resolve the matter." Order Remanding Case [dkt. #19].

The Court notes that the record clearly indicates that Foreman's original sentence was imposed in 2010 in the United States District Court for the Western District of Michigan. The petition invokes the authority of Section 2255 of Title 28, which provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. 2255(a) (emphasis added). Because such a petition must be filed in the first instance in the court that imposed the sentence, the Court will transfer the petition to the Western District of Michigan, where the petitioner's sentence was imposed.

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** the petition to the United States District Court for the Western District of Michigan.

                                         s/David M. Lawson
                                         DAVID M. LAWSON
                                         United States District Judge

Dated: September 13, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2017.

                     s/Susan Pinkowski
                     SUSAN PINKOWSKI